IN RE ESTATE OF WOLFGANG FREDERICK.
A. M. ROBBINS, EXECUTOR, ET AL., APPELLANTS, V. MARILLA FLYNN, APPELLEE.*

FILED FEBRUARY 6, 1909.   No. 15,494.

Wills: TESTAMENTARY CAPACITY. A will was presented to the county court of V. county for probate. A contest was instituted upon a number of grounds, among which was that the testator was not

---

* Rehearing denied. See opinion, p. 321, *post.*

of sound mind at the time of executing the will.  This contention was supported by evidence sufficient to justify the submission of the issue to the jury, who found in favor of the contestant.

APPEAL from the district court for Valley county: JAMES R. HANNA, JUDGE.  *Affirmed.*

*A. M. Robbins, Robbins Bros.* and *Clements Bros.,* for appellants.

*John J. Sullivan, A. Norman* and *A. R. Honnold, contra.*

REESE, C. J.

This cause originated in the county court of Valley county by the presentation for probate of a will alleged to be the last will and testament of Wolfgang Frederick, deceased.  A contest was filed by Marilla Flynn, his daughter and only heir, in which a number of grounds or reasons for the contest were stated; but as we view the case but one need be here noticed, and that is whether at the time of the execution of the will the deceased was of unsound mind.  The hearing in the county court resulted in a finding by the county judge that at the time of the execution of the will the deceased was incompetent to make a will, and probate was denied.  The cause was appealed to the district court, where a jury trial was had, and a verdict was returned finding in favor of the contestant, and that the paper proposed was not the valid will of the deceased.  A motion for a new trial was filed, which was overruled, and the usual judgment denying probate was entered.  The cause is appealed to this court.

The record is voluminous.  We have read it carefully throughout.  The evidence as to the mental capacity of the deceased, covering a period of some 30 years, was conflicting.  Many facts stated by the witnesses on the part of the contestant show marked eccentricities of the testator, and upon some subjects an unbalanced mind.  He left his wife, and possibly other members of his family, in Wis-

consin in the early 70's, bringing with him the contestant, then a little girl, taking a homestead, where he settled. The Indians at that time were supposed to be inclined to attack settlers, but he would leave her alone and unprotected to such an extent as to cause his neighbors deep solicitude on her behalf. The evidence shows a state of mind throughout his whole life on the frontier and while an inmate of the soldiers home at Leavenworth, which on some subjects was irrational and unreasoning, and which from imaginary and unreal causes would cause him to forget his obligations to his daughter, who in later years was in absolute want, with a family upon her hands, and whose husband had died. In the will presented, and which was the last of a number of wills made, he without any known cause practically disinherited his daughter and cast nearly all of his property upon a stranger to whom he was under no obligations and in no sense related. The evidence shows that he had at times taken a dislike to his daughter and determined to furnish her no aid or assistance, but, upon discussing the matter with friends, would declare she was worthy of his bounty and should have his property. This inclination would soon disappear, and he would declare his determination to leave what he had to strangers. Witnesses testified to his conduct and weakened and distorted mind, espcially with reference to his daughter. That this unnatural, irrational and unreasonable feeling was the cause and produced the will in question there seems to be no doubt from the evidence. At any rate there was sufficient proof of his unsound mental condition to justify the submission of the case to the jury upon that issue. This being true, the verdict must be sustained.

In arriving at the conclusion here announced, we have refrained from quoting, or even summarizing, the evidence introduced, for the reason that it would extend this opinion to an unreasonable length and it could serve no good purpose to do so. The will was executed at Leavenworth, Kansas, in the absence of either the devisee or her

father Mr. Robbins, who was named as executor. Mr. Robbins had been the testator's trusted attorney, agent and adviser for many years. The testator had met the devisee but once, and then for only a short time. We are unable to find anything in the evidence reflecting upon the conduct of either which could be said to have exerted any undue influence upon the mind or action of the testator, except such as might naturally arise in his mind from the relations existing between him and Mr. Robbins. After the death of the testator, Mr. Robbins was informed of the existence of the will, and, as was his duty, he presented it for probate.

Finding sufficient evidence in the record to sustain the verdict of the jury upon the one contention, we deem it unnecessary to pursue the subject further. The judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed April 24, 1909. *Rehearing denied:*

PER CURIAM.

A motion for a rehearing has been filed in this case supported by a vigorous brief, in which our attention has been challenged to an expression found in *Buchanan v. Belsey,* 72 N. Y. Supp. 601, and *Cash v. Lust,* 142 Mo. 630, 64 Am. St. Rep. 576, which reads as follows: "Where a will is contested on two grounds, and the jury find in favor of the contestants, but it cannot be told upon which ground; the verdict must be set aside, if there was a failure of proof upon either ground." 64 Am. St. Rep. 576. It is conceded that this expression is contrary to the general rule which prevails in ordinary civil cases, but it is insisted that the rule should be applied to the case at bar. It is not necessary for us to determine this matter, for we are satisfied from a further and more critical examination of the record that there was substantial evi-

dence requiring the submission of both grounds of contest, to wit, undue influence and want of testamentary capacity, to the jury.

It appears that for many years the proponent had been the sole attorney and confidential adviser of the testator; that such friendly relations existed between them as to induce the testator to loan money to the proponent at an unusually low rate of interest, and in some cases interest was entirely forgiven; that after the testator went to the soldiers home at Leavenworth, Kansas, the proponent continued to care for and conduct his business affairs; that much correspondence passed between them, and these facts, with other circumstances detailed by the evidence, in view of the confidential relation of attorney and client which existed between them, required the submission of the question of undue influence, as well as the question of testamentary capacity, to the jury for their determination. This being so, the cases above mentioned are not in point, and the verdict of the district court must be sustained.

For the foregoing reasons, among others, we are satisfied that the motion should be overruled, and it is so ordered.

REHEARING DENIED.